# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| RALPH MARCUS HARDY,<br><br>*Plaintiff – Appellee*<br><br>v.<br><br>RABIE, Deputy; DEHERRERA, Detention Specialist; TWO UNKNOWN MASKED DEPUTIES,<br><br>*Defendants – Appellants*<br><br>and<br><br>ADAMS COUNTY, a municipality; RICHARD REIGENBORN, Sheriff, in his individual capacity; GENE CLAPS, Sheriff, in his official capacity; OVERMYER, Deputy, ADA Coordinator,<br><br>*Defendants* | No. 24-1138 |

### PLAINTIFF-APPELLEE'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE HIS RESPONSE BRIEF

Plaintiff-Appellee Ralph Marcus Hardy respectfully moves for a thirty-day extension to September 4, 2024, to file his response brief in this case, pursuant to Federal Rule of Appellate Procedure 27 and Tenth Circuit Rule 27.6. Undersigned counsel contacted counsel for Defendants-Appellants seeking consent for this

motion and it was unopposed. The reasons for the requested thirty-day extension are as follows:

1. On June 4, 2024, this Court received Defendants-Appellants' brief and appendix. This brief challenges the District Court's denial of a motion to dismiss Plaintiff-Appellee's Second Amended Complaint. After accepting these submissions, this Court set July 10 as the deadline for Plaintiff-Appellee's brief.

2. On June 28, 2024, undersigned counsel moved for an extension of time on the grounds that its representation of Mr. Hardy for this appeal had begun following the filing of the opening brief by the Defendants-Appellants and that undersigned counsel experienced difficulties in communicating with Mr. Hardy due to that fact that Mr. Hardy is currently incarcerated and had been proceeding pro se while in custody.

3. On June 28, 2024, the Court granted Plaintiff-Appellee's motion in part and set August 5, 2024 as the new deadline for a response brief in this case.

4. On June 28, 2024, undersigned counsel learned from Defendants-Appellants' counsel that a motion to amend had been filed in District Court alongside a proposed amended complaint (Third Amended Complaint).

5. Indeed, on March 18, 2024, in the Order that is the subject of this appeal, the District Court had granted Plaintiff-Appellee leave to file an amended complaint as it pertained to several claims, including the deliberate indifference

claim against Defendants-Appellants that is underlying this interlocutory appeal. ECF No. 92 at 40. In a May 13, 2024 conference, the District Court extended the deadline to file the proposed amended complaint to a date past the deadline for the Defendants-Appellants' opening brief in this Court. ECF No. 104. In light of the pending interlocutory appeal, the District Court also set May 22, 2024 as the Defendants-Appellants' deadline to file a motion to stay the District Court proceedings. *Id*. Defendants-Appellants did not seek a stay and the Third Amended Complaint is currently pending in the District Court.

6. The proposed amended complaint before the District Court has direct bearing on this appeal. This interlocutory appeal challenges the specific pleadings found in the Second Amended Complaint and challenges the specific articulation of the allegations. Should the Third Amended Complaint get accepted by the District Court, either while this appeal is pending or immediately following the conclusion of the appeal, the legal determination in the interlocutory appeal may become immediately moot.

7. Defendants-Appellants seemingly share these same concerns. In their opposition to Plaintiff-Appellee's motion to amend, Defendants-Appellants argued that the District Court lacks jurisdiction to accept the Third Amendment Complaint, but also argued that, if accepted, the Third Amended Complaint would "moot the

3

pending appeal because it will change the relevant operative factual allegations." ECF No. 110 at 11.

8. Further, undersigned counsel's representation is limited to the appeal before this Court and does not include Plaintiff-Appellee's proceedings in the District Court. Following the motion to amend the complaint, Plaintiff-Appellee secured representation at the District Court proceedings from a separate law firm.

9. Plaintiff-Appellee seeks additional time to resolve the matter for this Court and conserve this Court's resources. Given the introduction of new, separate counsel before the District Court and pending motions before that court, the undersigned seeks time to confer with all attorneys on this matter about potential resolution of the appeal and allow the lower court briefing to conclude. The pending deadlines for briefing on the interlocutory appeal prevent the parties from potentially resolving this matter without expending this Court's resources. The deadlines also risk unnecessarily involving this Court in an appeal that is potentially moot or may become immediately moot. At a minimum, the additional time will allow the parties to more clearly present the legal posture of the matter to this Court and devote the appropriate focus on the substantive issues and merits.

10. This is Plaintiff-Appellee's second request for an extension of time. Plaintiff-Appellee will work diligently to comply with the requested September 4, 2024 filing deadline. He does not anticipate seeking any further extensions of time.

WHEREFORE, Plaintiff-Appellee respectfully requests that this Court grant his unopposed motion for a thirty-day extension of time until September 4, 2024, to file his response brief in this matter.

Respectfully submitted,

*/s/ Kevin E. Jason*
Kevin E. Jason
NAACP Legal Defense and
 Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, N.Y. 10006
(212) 965-2200
kjason@naacpldf.org

*Counsel for Plaintiff-Appellee*

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the undersigned certifies that:

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 736 words.

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Times New Roman, 14-point font.

*/s/ Kevin E. Jason*
Kevin E. Jason
*Attorney for Plaintiff-Appellee*
July 19, 2024

## CERTIFICATE OF SERVICE

I certify that on July 19, 2024, I filed the foregoing PLAINTIFF-APPELLEE'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE HIS RESPONSE BRIEF with the Court's CM/ECF system, thereby serving all counsel of record.

*/s/ Kevin E. Jason*
Kevin E. Jason
*Attorney for Plaintiff-Appellee*